UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT K. DECKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00257-WTL-MJD |
| | ) | |
| J. E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

On June 7, 2018, petitioner Robert K. Decker filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary proceeding that commenced with Incident Report No. 3035622. The respondent filed a return to order to show cause, dkt. 7, and then Mr. Decker moved to amend his petition. Dkt. 8; dkt. 11. The respondent filed an amended return, dkt. 12, and Mr. Decker replied, dkt. 13.

For the reasons explained in this Entry, Mr. Decker's amended habeas petition must be **denied**.

### A. Legal Standards

"Federal inmates must be afforded due process before any of their good time credits-in which they have a liberty interest-can be revoked." *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011). "In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the

evidence relied on and the reasons for the disciplinary action." *Id.*; *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974). In addition, "some evidence" must support the guilty finding. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016).

### B. The Disciplinary Proceeding Regarding Incident Report 3035622

At approximately 12:45 p.m. on September 20, 2017, an officer was attempting to escort Mr. Decker to his assigned cell at the United States Penitentiary in Terre Haute, Indiana. Mr. Decker tried to break free from the officer and was combative, attempted to kick his legs toward the officer, and resisted the application of restraints. At approximately 1:25 p.m., Incident Report No. 3035622 was prepared by Senior Officer B. Monnett, charging Mr. Decker with violations of Code 224-A, assaulting any person (attempt), and Code 307, refusing to obey an order. The Incident Report stated:

> On September 20, 2017, at 12:45 pm, I attempted to escort inmate Decker, Robert, Reg. No. 51719-074 out of Holding Cell MR-5 in the Special Housing, back to his assigned cell in Range A-Upper, cell #214. Once I entered the cell and grabbed inmate Decker by the arm, he attempted to break free from me by pulling away from me. I along with responding staff placed inmate Decker on the floor to regain control. I gave inmate Decker multiple orders to stop his actions with negative result. Inmate Decker continued to resist by not allowing us to place the leg restraints on him and kicking his legs toward the staff involved in the Use of Force. Once restrained, inmate Decker refused to walk on his own and was carried down the steps to Range A-Lower, cell #116, where he was placed in Hard 4-Point Restraints by the SHU Lieutenant.

Dkt. 12-4 at 1.

The Incident Report was delivered to Mr. Decker and he was verbally advised of his rights on September 20, 2017, at approximately 7:45 p.m. *Id.* The Unit Disciplinary Committee ("UDC") referred the charge to the Disciplinary Hearing Officer ("DHO") due to the severity of the charge. *Id.*

The Incident Report process was suspended because the matter was referred for a criminal investigation. The Incident Report was released for administrative processing on September 21, 2017. Dkt. 12-4 at 3.

On September 27, 2017, Mr. Decker signed the Inmate Rights at Discipline Hearing form, the Notice of Discipline Hearing Before the DHO, and a Waiver of Appearance for both UDC and DHO hearings. Dkt. 12-5 at 4-6.

On September 28, 2017, DHO Bradley held a disciplinary hearing. At the hearing, he found Mr. Decker guilty of violating Code 224-A, assaulting any person (attempt). Mr. Decker was advised of his rights, was offered a staff representative, and was also advised he could request witnesses. He, however, declined a staff representative, declined to request witnesses, and declined to appear at the UDC and DHO hearings. Dkt. 12-5 at 2, 6.

The DHO's finding was based on the following evidence: the Incident Report, a staff memorandum from Officer Rogers, and Mr. Decker's lack of refutation of the charges. Dkt. 12-5 at 2. The DHO issued the report on October 26, 2017, and it was delivered to Mr. Decker on November 9, 2017. Dkt. 12-5 at 3. The following sanctions were imposed: disallowance of 27 days' good conduct time, a 90 day loss of phone privileges, and 90 days of impounded property. *Id*.

    **C.    Analysis**

Mr. Decker argues that his due process rights were violated during the disciplinary proceeding. His only claim is that there was insufficient evidence to establish that he attempted to assault anyone.

Mr. Decker argues that the witness statements upon which the DHO relied conflict with what the reporting officer stated in the Incident Report and that those witness statements do not

constitute "some evidence" of the charge. As an initial point, the DHO relied on only one statement from another officer. Dkt. 12-5 at 2. He also relied on the Incident Report and on the fact that Mr. Decker chose not to appear at the hearing and not to refute any of the evidence. *Id.*

The witness statement/staff memorandum considered by the DHO was the memorandum submitted by Officer Rogers. *Id.* That report stated:

> On September 20, 2017, at 12:45 pm, while assigned as the SHU #4, I Officer A. Rogers participated in the Immediate Use of Force on inmate Decker, Robert, Reg. No. 51719-074. I assisted by placing restraints on the inmate prior to be [sic] escorted to his cell in A-Upper #216. Once the restraints were applied, he began kicking the door and yelling at staff. I notified the SHU Lieutenant. Once we opened the door to escort the inmate from Holding Cell MR-5 back to his cell he became combative by attempting to break free from staff. I assisted in placing additional restraints on the inmate to regain control. I then assisted in escorting the inmate to Range A-Lower by helping to carry the inmate due to him being combative and refusing staff orders. Once in Cell #116, I was instructed to assist in placing the inmate in 4-Point Restraints since he was still resisting staff. I applied the Right hand and Right leg restraints on the inmate. I was a willing participant and I did not sustain any injuries.

Dkt. 12-4 at 8.

The Incident Report and Officer Rogers' memorandum are not inconsistent in any material way. Mr. Decker pulled away from Officer Monnett. Other officers had to assist with placing Mr. Decker in restraints because Mr. Decker was combative and refusing orders. Mr. Decker kicked at the officers when they tried to apply leg restraints. Mr. Decker refused to walk and the officers had to carry him to another cell.

In his decision, the DHO reasoned that "[a]ssaulting any person is an attempt or threat to do violence to another, or the non-consenual touching of another person." Dkt. 12-5 at 3. Here, all of the evidence considered supports a finding that Mr. Decker resisted the officers and when he was on the ground, he kicked toward the officers in an attempt to avoid the leg restraints. These findings support the charge of "attempted assault."

It is not the Court's role to reweigh the evidence in its habeas review. *See Ellison*, 820 F.3d at 274 ("[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). As noted, the DHO's guilty finding is supported by sufficient evidence.

Mr. Decker was given adequate notice and had an opportunity to defend the charge. The DHO provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Decker's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Decker to the relief he seeks. Accordingly, Mr. Decker's petition for a writ of habeas corpus relating to Report No. 3035622 must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

The Bureau of Prisons website indicates that Mr. Decker is now back at Terre Haute, FCI. Accordingly, the **clerk is directed to** update the address on the docket.

**IT IS SO ORDERED.**

Date: 4/1/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT K. DECKER
51719-074
Terre Haute FCI
Inmate Mail/Parcels
P. O. Box 33
Terre Haute, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov